UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NELDA LAWRENCE**

**VERSUS**

**LOUISIANA DEPARTMENT OF INSURANCE, ET AL.**

**CIVIL ACTION**

**No. 23-1359-BAJ-SDJ**

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint or in the alternative to stay this case pending the outcome of Plaintiff's pre-existing state court case. (R. Doc. 11). Plaintiff has filed an opposition (R. Doc. 14), and Defendants have filed a reply to that opposition (R. Doc. 15). For the reasons below, the undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED without prejudice**.

**I.     Background**

Plaintiff filed her Complaint (R. Doc. 1) with this Court on September 25, 2023. In her Complaint, she asserts claims against the Louisiana Department of Insurance and the Louisiana Commissioner of Insurance[1] under the Americans with Disabilities Act and §1983 of the Civil Rights Act for discrimination on the basis of her disability and retaliation when Plaintiff sought appropriate accommodations. Plaintiff seeks relief in the form of "judgment to Plaintiff and all relief the Court deems appropriate; front pay, lost wages, lost retirement benefits, and loss of

---

[1] At the time of filing, the Louisiana Commissioner of Insurance was James Donelon. At the time of writing, Tim Temple has assumed the position.

earning capacity; compensatory and consequential damages, including emotional distress; and pre-judgment and post-judgment interest, attorney's fees and costs". (R. Doc. 1 at 2).

Plaintiff asserts that in February 2022, a work-related incident led to Plaintiff's broken foot and eventual placement on disability status, with a doctor's recommendation that she work remotely. (R. Doc. 1-1 at 1). Plaintiff's request to work remotely was denied, despite other employees having been granted flexible remote status. *Id.* LDI Human Resources contacted Plaintiff's physician and requested that the total disability order be rescinded because remote work was not available. *Id.* The physician did so and reevaluated Plaintiff accordingly, and she returned to the office with accommodations of an ottoman and printer at her desk. (R. Doc. 1-1 at 2). Plaintiff asserts that she was cut off from certain equipment because of her lack of mobility. *Id.* Because of her return to the office and walking on her injured foot, Plaintiff states that she suffered further injury, including prolonged swelling and treatment, aggravation of a previous meniscal tear requiring further surgery, and other low back and knee problems. *Id.*

Having exhausted workers compensation leave, the Human Resources team advised Plaintiff that she needed to take FMLA leave. (R. Doc. 1-1 at 3). Plaintiff avers that the form she was given to sign included the disclaimer that she was "not considered a key employee" under FMLA and that LDI might not restore her to employment at the end of her FMLA period. *Id.* Human Resources also informed Plaintiff that, because of a previous injury and period of FMLA leave, Plaintiff would exhaust her FMLA allowance within mere days. *Id.* Upon her return to work, Plaintiff found that her duties were drastically reduced and distributed to other employees. *Id.* The IT Department had begun the process of deleting her credentials, as they were under the impression that her employment had terminated. *Id.* After one more knee surgery and period of leave, Plaintiff was told at an annual performance review that her performance was unsatisfactory—despite

weekly reviews to the contrary. (R. Doc. 1-1 at 4). Plaintiff subsequently resigned her position in order to avoid further physical and mental injury. (R. Doc. 1-1 at 5). And she filed this lawsuit because of discrimination on the basis of her disability and retaliation for seeking accommodations.

Defendants filed this Motion to Dismiss on November 21, 2023 (R. Doc. 11), pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the Eleventh Amendment bars Plaintiff's suit against LDI in federal court. (R. Doc. 11-1 at 4-7). Defendants further argue that Plaintiff's claims should be dismissed pursuant to Federal Rule 12(b)(6) and that if this Court does not dismiss Plaintiff's claims, it should stay this case during the pendency of a preexisting suit in state court. (R. Doc. 11-1 at 8, 12).

In response, Plaintiff claims that Congress abrogated state sovereign immunity in Title I of the ADA, and so her claims are not barred. (R. Doc. 14 at 1-2). Plaintiff further argues that her pending state suit against LDI does not involve ADA claims, has no overlap with this suit, and thus that a stay is inappropriate. (R. Doc. 14 at 5). Finally, Plaintiff requests, if the Court is inclined to grant Defendants' Motion to Dismiss, that she be afforded leave to amend her complaint. (R. Doc. 14 at 5). Finally, Defendants filed a reply in support of their Motion. (R. Doc. 15).

**II.    Law and Analysis**

It is well established that, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). Therefore, the Court first considers Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

A motion to dismiss for lack of subject matter jurisdiction per Federal Rule 12(b)(1) should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161. To assess whether subject matter jurisdiction exists, the Court looks to the complaint and undisputed facts on the record. *See id.* When analyzing the complaint, the Court takes Plaintiff's allegations as true. *Sawar P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995). Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161.

The Eleventh Amendment of the US Constitution holds that federal jurisdiction does not extend to any suit in law or equity against a state by citizen of another state or foreign state. The Supreme Court has interpreted this to additionally bar suits against states by their own citizens. *United States v. Texas Tech Univ.*, 171 F.3d 279, 289 (5th Cir. 1999). But Eleventh Amendment immunity is not absolute; a state's immunity may be abrogated by Congress. *See Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). A state may also waive its immunity by voluntarily submitting to federal jurisdiction. *Id.*

LDI is an agency of the State of Louisiana and enjoys Eleventh Amendment immunity. *See, e.g., Egan Nursing Servs., Inc. v. Scheur*, 2003 WL 1699355, at *1 (E.D. La. Mar. 26, 2003). Although Plaintiff asserts that Congress abrogated state sovereign immunity in enacting the ADA, the Supreme Court has specifically held that this attempted abrogation was inadequate in Title I of the ADA.[2] *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001). Because state sovereign immunity was not appropriately abrogated as to the ADA, because Louisiana has not

---

[2] Title I covers requirements for employers and so, while Plaintiff does not specifically mention it in her complaint, it is the title that covers Plaintiff's employment discrimination claim.

abrogated its own immunity,[3] and because LDI does not voluntarily submit itself to federal jurisdiction, this Court does not have proper jurisdiction over Plaintiff's Title I claims.

Where the underlying claim is predicated on alleged violations of Title I of the ADA, then the Title I immunity recognized in *Garrett* is generally extended to ADA Title V retaliation claims. *DeCotiis v. Whittemore*, 842 F. Supp. 2d 354, 370 (D. Me. 2012) (citing *Demshki v. Monteith*, 255 F.3d 986, 988–89 (9th Cir.2001)). And so, Plaintiff's retaliation claims are also jurisdictionally barred.

Finally, to the extent that Plaintiff raises claims under §1983, it is well established that sovereign immunity is not abrogated as to claims under that section. *Quern v. Jordan*, 440 U.S. 332 (1979). As all of Plaintiff's claims are subject to Eleventh Amendment sovereign immunity, this Court does not have jurisdiction over Plaintiff's claims. This Court need not and should not reach the merits of Plaintiff's claims, but instead will leave that decision to a court with jurisdiction to hear these claims.

**III.   Conclusion**

As discussed above, this Court does not have jurisdiction to hear Plaintiff's claims, and so the undersigned **RECOMMENDS** that the Motion to Dismiss (R. Doc. 11) be **GRANTED without prejudice**, so that Plaintiff may file her claims in a court of proper jurisdiction.

Signed in Baton Rouge, Louisiana, on September 4, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] La. Rev. Stat. Ann. § 13:5106(A) provides that "no suit against the state or state agency or political subdivision shall be instituted in any court other than a Louisiana state court."